# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL S. GORBEY, | ) | Civil Action No. 7:16cv00449 |
|    Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Norman K. Moon |
| WARDEN, | ) | United States District Judge |
|    Respondent. | ) | |

Michael S. Gorbey, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in, *inter alia*, the loss of good conduct time ("GCT"). Respondent filed a motion for summary judgment and this matter is ripe for disposition.[1] For the reasons stated herein, I will grant respondent's motion for summary judgment.

## I.

While incarcerated at the United States Penitentiary ("USP") in McCreary, Kentucky, Gorbey received an Incident Report for violating Prohibited Act Code 297 (Use of Telephone for Abuses Other than Criminal Activity).[2] The Incident Report indicated that on April 23, 2014, a Unit Secretary called for an inmate ("Inmate X") to come to the Unit 1 Team Area to discuss a form he had submitted stating that he was out of telephone minutes and was requesting additional minutes. While calling for Inmate X, the Unit Secretary noticed that Inmate X was using a telephone station in Unit 1B. After discussing the request with Inmate X, the Secretary checked the Bureau of Prison's ("BOP") TRUFONE system (the inmate telephone system) to

---

[1] Respondent titles his pleading as a response but asks the court to dismiss the petition or grant judgment in his favor. He also attaches several exhibits to his brief upon which the court relies. Accordingly, I convert the pleading to a motion for summary judgment and have given petitioner appropriate notice. See Fed. R. Civ. P. 12(d); *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975); Docket No. 14.

[2] Gorbey was also charged with lying to the staff member regarding being indigent, and while this information appears in the Incident Report, there was no finding of guilt on this charge and it is not a part of this § 2241 action.

determine whose telephone account was being used when Inmate X was on the telephone. It was determined that the account being used belonged to another inmate ("Inmate Y"). Inmate Y was not in the unit during the call; rather, he was at recreation. Upon further investigation, the Unit Secretary determined that Inmate X had, on many occasions, used other inmates' accounts to place telephone calls to a particular number. Inmate X had used not only Inmate Y's account, but also Gorbey's account, as well as others. In monitoring several of the calls to that telephone number, it was determined that the same inmate voice was on the call, which belonged to Inmate X. Prison officials determined that Gorbey was allowing Inmate X to use his account in order to circumvent the monitoring systems so that Inmate X's personal calls would not be monitored.

Gorbey received a copy of the Incident Report on April 24, 2014. A Lieutenant tasked with conducting an investigation into the incident advised Gorbey of his rights on the same day. Gorbey stated that he understood his rights, but argues that he "had no idea that allowing [Inmate X] to use [his] phone account was circumventing phone monitoring." The investigator noted that based upon the evidence, Gorbey had been properly charged.

A Unit Discipline Committee ("UDC") hearing was held on April 28, 2014. During the UDC hearing, Gorbey stated "I feel this charge does not meet a 297. It should be a 397.[3] We did not avoid monitoring." The Incident Report was thereafter forwarded to the Disciplinary Hearing Officer ("DHO") for further processing.

Gorbey was provided a Notice of Discipline Hearing Before the DHO form on April 28, 2014. Gorbey requested a staff representative to be "appointed by Warden," and indicated that he did not wish to call any witnesses. Gorbey was also provided a form advising him of his rights at the DHO hearing.

---

[3] Prohibited Act Code 397 is for use of the telephone for abuses other than illegal activity which *do not* circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called. A Prohibited Act Code 397 violation is a lesser offense than a Prohibited Act Code 297 violation.

The DHO prepared a Memorandum for the Warden requesting that a staff representative be appointed for the hearing. The DHO noted that by policy, neither Secretary Tucker (who wrote the Incident Report) nor Counselor Lawson (who conducted the UDC hearing) could be appointed as Gorbey's staff representative. The Warden appointed Counselor Lumley as the staff representative.

On June 4, 2014, a DHO hearing was conducted. The DHO read aloud part of the Incident Report and asked Gorbey if the report was true, to which Gorbey stated "Yeah, I would put my [Phone Access Code ("PAC")] number in, say my name, and then let him use my phone time."

The DHO noted that Gorbey waived his right to a staff representative, despite Counselor Lumley having been appointed. Gorbey made no comments about wanting a staff representative during the hearing. The DHO made a note on the Notice of Discipline Hearing Before the DHO form that Gorbey had voluntarily waived his right to a staff representative, and it is signed and dated June 4, 2014, by the DHO and another staff member. The DHO noted in the findings that he reviewed Gorbey's rights with him and he did not request a staff representative. Gorbey did not request witnesses and he had no documentary evidence to present.

The DHO noted that Gorbey's due process rights were reviewed with him at the time of the hearing and that he indicated that he understood his rights and had received a copy of the Incident Report. In making his decision, the DHO relied upon the written Incident Report by staff and Gorbey's admission, noting that Gorbey did not refute any portion of the description of the incident as reported in the Incident Report. The DHO found, based upon the evidence, that Gorbey committed the prohibited act of a Code 297 violation, Use of the Telephone for Abuses Other than Criminal Activities.

The DHO imposed sanctions including disallowance of 27 days good conduct time and loss of telephone privileges for 90 days. The DHO documented that the sanctions were imposed because an attempt to abuse the telephone privilege poses a serious threat to the ability of staff to provide for the safety and security of the institution. The DHO explained that the sanctions were imposed to hold Gorbey accountable for his behavior and to deter him from engaging in similar behavior in the future.

Gorbey was advised of his appeal rights. Gorbey was provided a copy of the final DHO report on June 10, 2014. Gorbey appealed the disciplinary action, fully exhausting his administrative remedies with the BOP.

Gorbey filed a habeas petition pursuant to § 2241, alleging that: 1) he was denied his right to a staff representative at the disciplinary hearing, 2) he was punished more severely than other inmates involved in the incident, and 3) he is not guilty of the charge for which he was convicted. Gorbey seeks a reduction of the disciplinary conviction to a lesser offense and restoration of his good conduct time.

## II.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1. "An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law." *Moses v. Bledsoe*, No. 1:03cv149, 2004 U.S. Dist. LEXIS 28924, at *6, 2004 WL 3317657, at *2 (N.D. W. Va. 2004). Certain procedural safeguards apply when loss of statutory GCT is at issue. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These due process protections include: 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional

4

concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-71.

### III.

Gorbey alleges that his right to a staff representative at the disciplinary hearing was violated because his staff representative was not provided sufficient advanced notice of the hearing and was not able to review the telephone recording. However, there is no general constitutional right of an inmate to have a staff representative in prison disciplinary hearings. *Hudson v. Hedgepath*, 92 F.3d 748, 751 (8th Cir. 1996); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). Due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue[s] make it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570; *Hudson*, 92 F.3d at 751. In this case, there is no evidence that Gorbey is illiterate or that the issues were so complex as to require a staff representative. Based on the foregoing, I conclude that Gorbey's allegation does not state a viable due process claim and, therefore, I will grant respondent's motion for summary judgment as to this claim.[4]

### IV.

Gorbey alleges that he was charged with the wrong Prohibited Act Code. He was charged with Prohibited Act Code 297, using the telephone for abuses other than illegal activity

---

[4] Further, to the extent Gorbey claims that BOP procedure was violated, his allegations fail to state a federal claim. A claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. *Bauer v. Warden FCI Williamsburg*, No. 6:16cv304, 2017 U.S. Dist. LEXIS 9738, at *5, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017) (citation omitted); *see also Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." (internal citation omitted)); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation.").

which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act. Gorbey argues that he should have been charged with Prohibited Act Code 397, using the telephone for abuses other than illegal activity which *do not* circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a Moderate category prohibited act.

"[R]evocation of good time does not comport with 'the minimum requirements of procedural due process,' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id.* at 455-56.

Gorbey was given an incident report that charged him with Prohibited Act Code 297. At the DHO hearing, Gorbey admitted that he gave another inmate access to his telephone account so that the other inmate could talk on the telephone. In making the final determination, the DHO specifically noted that Gorbey's conduct of giving the other inmate access to Gorbey' telephone account circumvented the telephone monitoring procedures. Accordingly, there is clearly "some evidence" supporting the finding that Gorbey's conduct violated Prohibited Act Code 297 because it circumvented monitoring procedures. Moreover, other courts have upheld a DHO's finding of guilt under Prohibited Act Code 297 for the same conduct at issue here. *See Mehta v. O'Brien*, No. 1:10cv200, 2011 U.S. Dist. LEXIS 50202, at *13, 2011 WL 1790440, at *5 (N.D. W.Va. Mar. 29, 2011) ("some evidence" supported DHO's finding that the inmate committed violation of code 297) (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985)); *Saeed v. Pugh*, No. 4:14CV0871, 2014 U.S. Dist. LEXIS 141967, at *5, 2014 WL

4966357, at *2 (N.D. Ohio Oct. 3, 2014) (upholding the DHO's application of Code 297 over Code 397 because the inmate's conduct "circumvented the staff's ability to monitor his telephone use," and thus "some evidence" existed to justify the DHO's finding). Accordingly, I conclude that Gorbey's claim is without merit and will grant respondent's motion for summary judgment as to this claim.

V.

Finally, Gorbey alleges that he was punished more severely than other inmates involved in the incident. To establish an equal protection violation, Gorbey must demonstrate that he has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Gorbey makes no showing that he was similarly situated in all relevant respects to other inmates and alleges no facts supporting the conclusion that even if there was disparate treatment of inmates, it was the result of intentional or purposeful discrimination. Gorbey's allegations are far too vague and conclusory to state a constitutional claim and, therefore, I will grant respondent's motion for summary judgment as to this claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

VI.

For the reasons stated herein, I will grant respondent's motion for summary judgment.

**ENTER**: This  19th day of September, 2019.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE